UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

H.E. SARGENT, INC.

    Plaintiff,

v.

NEW ENGLAND FERTILIZER CO.

and

UNITED STATES FIDELITY AND
GUARANTY COMPANY,

    Defendants.

CIVIL ACTION NO. 04-12179 JLT

MAGISTRATE JUDGE Collins

For cause of action and by way of complaint, and reserving its right to demand arbitration against Defendant New England Fertilizer Company, Plaintiff H.E. Sargent, Inc. ("Sargent" or "Plaintiff") alleges as follows:

1. Plaintiff is a Maine corporation with a usual place of business located at 101 Bennoch Road, Stillwater, Maine.

2. Upon information and belief, Defendant New England Fertilizer Company ("NEFCO") is a Massachusetts corporation with a usual place of business located at 500 Victory Road, Quincy, Massachusetts.

3. Upon information and belief, Defendant United States Fidelity and Guaranty Company ("USF&G") is a Maryland corporation with a usual place of business located in Baltimore, Maryland.

4. On or about April 16, 2001, Sargent and NEFCO entered into a subcontract ("Subcontract") pursuant to which Sargent was to provide labor, materials and services for the

construction of a project known as the Biosolids Drying and Pelletizing Facility in North Andover, Massachusetts ("Project").

5. NEFCO was the general contractor on the Project and the Greater Lawrence Sanitary District ("GLSD") was the Project's owner.

6. The Subcontract contained an arbitration provision requiring that disputes between Sargent and NEFCO be resolved by binding arbitration administered by the American Arbitration Association.

7. USF&G provided a labor and materials payment bond ("Bond") for the Project for the benefit of NEFCO's subcontractors and suppliers, including Sargent.

8. Sargent has fully and properly performed all of the work required by the Subcontract.

9. In addition, Sargent has performed a substantial amount of work at NEFCO's request outside the scope of the original Subcontract for which NEFCO has failed and refused to pay.

## JURISDICTION AND VENUE

10. This Court has jurisdiction over this dispute pursuant to 28 U.S.C. § 1332 in that there is complete diversity among the parties and the amount in controversy exceeds $75,000.

11. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a)(2) because this action concerns events that occurred in North Andover, Essex County, Massachusetts.

## COUNT I - BREACH OF CONTRACT

12. Plaintiff restates and incorporates by reference the allegations set forth in paragraphs 1 through 11.

13. Plaintiff properly performed its work under the terms of the Subcontract, along with a substantial amount of additional work at the request of Defendant NEFCO.

2

14. Defendant NEFCO has failed to pay Plaintiff the balance due under the Subcontract, or for extra work performed by Plaintiff at NEFCO's request. Despite repeated demands for payment, Plaintiff remains unpaid for its work in the amount of at least $417,000 plus accruing interest, costs and attorneys' fees.

15. Defendant NEFCO's conduct described above is a breach of contract.

16. As a result of Defendant NEFCO's breach of contract, Plaintiff has been and continues to incur damages.

17. All conditions precedent to the maintenance of this action have been performed or have occurred.

## COUNT II - *QUANTUM MERUIT*

18. Plaintiff restates and incorporates by reference the allegations set forth in paragraphs 1 through 17.

19. Plaintiff has fully performed its obligations under the terms of the Subcontract and has endeavored to fully perform its obligations thereunder in good faith.

20. Plaintiff performed additional work outside the scope of the original Subcontract at NEFCO's request for which Plaintiff has not been paid.

21. As a result, NEFCO has received a benefit in the form of labor, materials and services provided by Plaintiff.

22. Plaintiff is entitled to recover at least $417,000, plus interest, costs and attorneys' fees, representing the fair value of the labor, materials and services provided to Defendant NEFCO for which Plaintiff has not been paid.

23. All conditions precedent to the maintenance of this action have been performed or have occurred.

## COUNT III - PAYMENT BOND

24. Plaintiff restates and incorporates by reference the allegations set forth in paragraphs 1 through 23.

25. Defendant USF&G, a surety, provided the Bond identified as Bond Number 24-0120-22502-99- for the benefit of NEFCO's subcontractors and material suppliers on the Project. Defendant NEFCO was the principal and GLSD the obligee on the Bond. A true copy of the bond is attached hereto as Exhibit A.

26. Plaintiff properly performed the labor, rendered the services and furnished the materials and equipment to the Project as required by the Subcontract, and has made due demand to Defendant NEFCO for payment.

27. Defendant NEFCO has refused to pay Plaintiff its contract balance and for extra work performed at NEFCO's request.

28. Pursuant to the terms of the Bond, Defendant USF&G is liable to Plaintiff for all claims, demands, liabilities, and expenses, including, but not limited to, attorneys' fees, made against its principal, Defendant NEFCO, which Plaintiff has or shall incur in connection with its claim.

29. All conditions precedent to the maintenance of this action have been performed or have occurred.

## COUNT IV - BREACH OF THE COVENANT
## OF GOOD FAITH AND FAIR DEALING

30. Plaintiff restates and incorporates by reference the allegations set forth in paragraphs 1 through 29.

31. In performing its obligations under the Subcontract, NEFCO owed to Plaintiff a duty of good faith and fair dealing.

32. NEFCO breached the covenant of good faith and fair dealing by, among other things, inducing Plaintiff to perform extra work by promising that it would pay Plaintiff therefore.

33. NEFCO has failed to pay Plaintiff in violation of its representations.

34. As a result of NEFCO's breach of the covenant of good faith and fair dealing, Plaintiff has incurred and continues to incur substantial damages.

### COUNT V - UNFAIR AND DECEPTIVE TRADE PRACTICES
### [Mass. Gen. L. c. 93A]

35. Plaintiff restates and incorporates by reference the allegations set forth in paragraphs 1 through 34.

36. Plaintiff and Defendant NEFCO are engaged in trade or commerce as defined by Mass. Gen. L. c. 93A, §§ 1 *et seq.* ("Chapter 93A").

37. During the course of the Project, Defendant induced Plaintiff to perform additional work with the promise that Plaintiff would be fairly compensated therefore.

38. Upon information and belief, Defendant NEFCO had no intention of paying Plaintiff for this extra work.

39. Defendants' conduct described above constitutes unfair and deceptive acts or practices proscribed under Chapter 93A, which acts and practices were done willfully and knowingly.

40. As a result of NEFCO's unfair and deceptive acts or practices, Plaintiff has incurred and continues to incur substantial damages.

WHEREFORE, Plaintiff, H.E. Sargent, Inc. respectfully requests that this Court (i) enter judgment in its favor, against Defendants in the amount to be proven at trial, including interest, treble damages and attorneys' fees, as may be allowed by law; (ii) award costs of Court; (iii) order that this action be stayed pending the outcome of an arbitration between Plaintiff and Defendant New England Fertilizer Company; and (iv) grant whatever further relief this Court deems just and proper.

### JURY DEMAND

Plaintiff, H.E. Sargent, Inc., demands trial by jury of all claims so triable.

H.E. SARGENT, INC.

By its Attorneys,

October 15, 2004

/s/ John P. Giffune
A. Robert Ruesch, BBO # 557741
John P. Giffune, BBO # 636599

VERRILL & DANA, LLP
One Portland Square
P.O. Box 586
Portland, ME 04112-586
(207) 774-4000